**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge
(Successor Judge Docket)

**Dated: February 27 2015**

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Willie F. Grace | ) | Case No. **14-33624** |
| | ) | |
| Debtor(s) | ) | Chapter 13 |
| | ) | |
| | ) | Successor Judge |

## ORDER RE MOTION FOR RELIEF FROM CO-DEBTOR STAY

The court held a hearing on February 26, 2015, on the Motion for Relief From Stay Against Diann Grace, [Doc. # 30], ("Motion") filed by Oregon Care LLC dba Arbors at Oregon ("Movant") and Debtor Willie Grace's objection to the Motion, [Doc. # 35]. Attorney for Movant appeared in person at the hearing. Attorney for Debtor appeared by telephone at the hearing.

Debtor filed his Chapter 13 petition in this court on October 2, 2014. He is married to Diann Grace. She did not file for Chapter 13 relief. Debtor is disabled, unable to get around and living on a fixed income including social security and VA benefits. [Doc. #1, Schedules I and J, pp. 20-23/45].[1] Ms. Grace is also ill, [Doc. #1, p. 23/45], and is alleged to have dementia, [Doc. # 35]. She lives in Georgia with a daughter because Debtor cannot care for her. [Doc. # 1, p.23/45]. He does, however, provide her monthly financial support in addition to the $700 in monthly benefits Ms.

---

[1] The court takes judicial notice of the contents of its case docket and the Debtor's schedules, signed and filed under penalties of perjury. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

Grace receives from social security. [*Id.*].

There is no dispute that Movant provided care to Ms. Grace at the Arbors of Oregon residential nursing facility from June 11, 2013, through January 4, 2014. Movant alleges that Ms. Grace owes it a debt of $37,721.90 related to that care.[2] As the debt was for necessaries provided to a spouse, Debtor signed a promissory note related to her care. On August 5, 2014, Movant sued the Graces in the Lucas County, Ohio Common Pleas Court to collect the debt it alleges the Graces owe to it. [Doc. # 30-3]. Movant filed a motion for default judgment against the Graces in the state court action, [Doc. # 30-4, p.2/4], although it is unclear based on the facts of record in this case whether Diann Grace has been properly served in that action, *cf.* Ohio Civ. R. 4.2(E)(governing service of process on an incompetent person) *and* [Doc. #30-4, 8/12/2014 docket entry re service on Defendant Diann Grace], and whether it can obtain a default judgment against her in any event, *see* Ohio Civ. R. 55(A)(no judgment by default shall be entered against a minor or incompetent person unless...). Upon the filing of a suggestion of Debtor's bankruptcy, the state court action, including the motion for default judgment, has been stayed and is being held in abeyance. [Doc. # 30-4, p.2/4]. Movant filed a proof of claim in this case for $32,220.56. [Claim # 1]. Movant's claim against Debtor is deemed allowed because no party in interest has objected to it. 11 U.S.C. § 502(a). The claims bar date has not yet passed. Thus far Movant's claim is the only unsecured claim filed.

The court has orally confirmed Debtor's Chapter 13 plan, [Doc. # 32], and is awaiting submission of the confirmation order by the Chapter 13 Trustee. By stipulated order, unsecured creditors, including Movant, will be paid 24.5% of their claims under Debtor's confirmed plan. [Doc. # 38].

When Debtor filed his Chapter 13 petition, in addition to the automatic stay stopping collection efforts against him, 11 U.S.C. § 362(a), a co-debtor stay stopping Movant's collection efforts against Diann Grace took effect under § 1301 of the Bankruptcy Code, 11 U.S.C. § 1301(a). Movant seeks relief from that co-debtor stay to continue its state court collection action against Ms. Grace.

Section 1301(c) provides three grounds for relief from the co-debtor stay, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a

---

[2] There is no dispute that Diann Grace owes Movant a debt. This order does not determine the amount of the debt, as such a determination is not necessary to decide the Motion.

creditor, to the extent that–
(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;
(2) the plan filed by the debtor proposes not to pay such claim; or
(3) such creditor's interest would be irreparably harmed by continuation of such stay.

11 U.S.C. § 1301(c). The Motion seeks relief on all three grounds, although at the hearing counsel limited argument to the second basis for relief.[3]

Debtor objects, arguing that Diann Grace would be a party in this case if she were not suffering from dementia and living with a child in another state, that she is unemployed, judgment proof and uncollectible, that Debtor is doing the best he can to pay the debt through his plan and that they jointly own a home with some equity, exempt as to Debtor. Debtor also disputes the facts related to the irreparable harm alleged by Movant. [Doc. # 35].

The court must overrule Debtor's objection. Even if all of these facts argued by Debtor are true, there is no dispute that Debtor's confirmed plan will not pay Movant's claim in full. Rather, it will pay Movant 24.5% of its allowed claim of $32,220.56 over the life of the plan, or $8,055.14. Under the plain wording of § 1301(c)(2), Movant is entitled to relief from the co-debtor stay "to the extent–... the plan filed by the debtor proposes not to pay such claim." Where a claim will not be paid in full through a co-debtor's Chapter 13 plan, the court simply lacks the discretion under § 1301(c)(2) to continue the stay against the co-debtor. *In re Schaffrath*, 214 B.R. 153, 155 (6th Cir. B.A.P. 1997)(relief mandatory where plan does not propose to pay entire claim); *In re Laska,* 20 B.R. 675 (Bankr. N.D. Ohio 1982); *cf. Harris v. Ft. Oglethorpe State Bank*, 721 F.2d 1052 (6th Cir. 1983). And so it is in this case. Since Debtor's plan will only pay 24.5% of the common portion

---

[3] The record shows that Movant is not entitled to relief under § 1301(c)(1) based on the undisputed facts. Where a debt is for necessaries and there is a state statute making a spouse liable for such necessaries, as counsel for Movant acknowledges that there is in Ohio, persuasive case law deems the Debtor spouse also to have received the consideration for the claim against the co-debtor. *See, e.g.*, *Lewis-Gale Clinic v. Root* (*In re Root*), 203 B.R. 55 (Bankr. W.D. Va. 1996). There is a dispute of facts over the grounds alleged to amount to irreparable harm to Movant. *Cf.* [Doc. # 30, ¶ 30, pp. 5-6/8] *and* [Doc. # 35]. An evidentiary hearing, at which Movant would bear the burden of proof, *Harris v. Ft. Oglethorpe State Bank*, 721 F.2d 1052 (6th Cir. 1983), would be required to decide Movant's entitlement to relief under § 1301(c)(3). There is, however, no dispute of facts relevant to deciding the Motion under § 1301(c)(2). Because the court finds that Movant is entitled to relief thereunder, it need not decide whether Movant is also entitled to relief under § 1301(c)(3) as the grounds for relief under § 1301(c) are in the alternative. *In re Williams*, 374 B.R. 713, 714-15 (Bankr. W.D. Mo. 2007).

of the claim, Movant is entitled to relief from stay. The relief granted is limited, however, by the statutory language "to the extent," so that Movant will be granted relief only to try and collect from Diann Grace what will not be paid in this case. *In re Moy*, 515 B.R. 709, 715-16 (Bankr. N.D. Ill. 2014); *In re Fink*, 115 B.R. 113, 115-16 (Bankr. S.D. Ohio 1990).

Factual issues raised by Debtor such as Diann Grace's competence, which may affect both service of state court process on her and Movant's ability to secure a default judgment against her in the state court action, must be addressed in the state court. They are not relevant to Movant's right to relief from the co-debtor stay under § 1301(c)(2). As to the parties' joint property, the court emphasizes that it is not terminating or in any way modifying the automatic stay protecting Debtor and his property interests, which will prevent Movant from seeking to collect any judgment it obtains against Diann Grace against jointly owned property, such as their real property. *See* 11 U.S.C. § 362(a)(1), (5), (6).

For good cause shown, based on the foregoing reasons and authorities,

**IT IS ORDERED** that Motion for Relief From Stay Against Diann Grace, [Doc. # 30], filed by Oregon Care LLC dba Arbors at Oregon is **GRANTED**; and

**IT IS FURTHER ORDERED** that the co-debtor stay of 11 U.S.C. § 1301(s) against Diann Grace is hereby terminated for Oregon Care LLC dba Arbors at Oregon to resume its efforts to collect from her the debt she owes, except to the extent of the 24.5% of its claim for $32,220.56 that will be paid in this Chapter 13 case; and

**IT IS FURTHER ORDERED** that nothing in this order shall be construed to effect relief from the automatic stay of 11 U.S.C. § 362(a) as to Debtor Willie F. Grace; and

**IT IS FINALLY ORDERED** that Movant shall file a certified copy of this order in the Lucas County Common Pleas Court action, Case No. G-4801-CI-0201403422-000, to the extent it proceeds with that action as permitted by this order against Diann Grace, only.

# # #